**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4915**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KELVIN LENARD WASHINGTON,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:09-cr-00419-WO-1)

─────────────

Submitted:  July 12, 2013            Decided:  October 15, 2013

─────────────

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James E. Quander, Jr., Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Lenard Washington was sentenced to seventy months' imprisonment after entering a conditional guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). He appeals the district court's denial of his motion to suppress the firearm, contending the search in which it was discovered was conducted without valid consent.

This Court reviews the district court's denial of a motion to suppress in the light most favorable to the Government. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008). We review the district court's finding of voluntary consent to a warrantless search for clear error. United States v. Gordon, 895 F.2d 932, 938 (4th Cir. 1990). We also review the district court's credibility determinations for clear error. United States v. Murray, 65 F.3d 1161, 1169 (4th Cir. 1995).

The Fourth Amendment generally prohibits warrantless searches, however, an exception exists for searches conducted pursuant to valid consent. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973); Trulock v. Freeh, 275 F.3d 391, 401 (4th Cir. 2001). Consent to search is valid only if it is given freely and voluntarily. Trulock, 275 F.3d at 401. In establishing whether consent to search was given freely and voluntarily, the

2

Government bears the burden of proof by a preponderance of the evidence, and the district court must consider the totality of the circumstances. Id. at 401 & n.4. A

Here, the district court found that Washington's girlfriend voluntarily consented to a search of their residence that revealed the prohibited firearm. The court found testimony from the police officer who conducted the search credible, and conflicting testimony from Washington's girlfriend and another friend incredible. The court considered various factors in reaching its conclusion, such as the girlfriend's admission that she helped officers enter the residence, her bias resulting from her relationship with Washington, and her level of intelligence. On appeal, Washington contends that his girlfriend never consented or alternatively that any consent was involuntary. Our review of the record compels us to reject Washington's contentions.

We conclude that the district court did not clearly err in finding voluntary consent to the search. Gordon, 895 F.2d at 938. The district court made reasoned credibility determinations that are entitled to deference, Murray, 65 F.3d at 1169, and properly considered the totality of the circumstances in reaching its conclusion. Trulock, 275 F.3d at 401. Accordingly, we conclude without difficulty that the

3

district court's decision to deny Washington's suppression motion finds ample support in the record.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED